**Opinion filed June 30, 2016**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-15-00316-CR & 11-15-00317-CR

_____

**BRANDON GRABLE FIELDING, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause Nos. 23205 & 23206**

### M E M O R A N D U M   O P I N I O N

Brandon Grable Fielding, Appellant, originally pleaded guilty in each cause to a first-degree felony offense of possession of a controlled substance with the intent to deliver. He also pleaded true to the enhancement allegations in each cause. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for ten years in each cause. The State subsequently filed motions to proceed with an adjudication of Appellant's guilt. At a hearing on the State's motions, the trial court found all of the State's allegations to be true, revoked Appellant's community supervision, adjudicated him

guilty of the charged offenses, and assessed his punishment at confinement for forty years in each cause. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in both causes. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeals are frivolous and without merit. With respect to each cause, counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief.[1] Appellant has not filed a response.

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in each cause, and we agree that the appeals are without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). The record from the adjudication hearing shows that the State presented testimony about various violations by Appellant of the terms and conditions of his

---

[1]This court granted Appellant more than thirty days in which to exercise his right to file a response to counsel's brief.

community supervision as alleged in the State's motions to adjudicate. The testimony regarding some of those violations was not controverted. Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.

We note that counsel has the responsibility in each case to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.

PER CURIAM

June 30, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and McCall.[2]

Bailey, J., not participating.

---

[2]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.